NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBATI MOHAN DATTA, | No. 11-72794 |
| Petitioner, | Agency No. A200-757-136 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Rebati Mohan Datta, a native and citizen of Bangladesh, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we review de novo claims of due process violations in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

We do not consider the new documentary evidence Datta submitted because our review is limited to the administrative record underlying the IJ's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Datta's declaration and testimony regarding whether he knew his attackers and regarding the sequence of the attacks at his home and on the street. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of circumstances). Further, Datta's explanations for these inconsistencies do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Datta's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In addition, Datta's CAT claim fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to Bangladesh. *See id.* at 1156-57.

Moreover, the BIA did not err in rejecting Datta's due process challenges. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring both error and "substantial prejudice" to prevail on a due process challenge to deportation proceedings). Finally, we lack jurisdiction to review Datta's contention that the IJ was prejudiced against him because he failed to raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**